IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

MARICO HOPKINS,                            *
            Plaintiff,                       2012 JAN 19  P 1: 01

      v.                                   *    CIVIL ACTION NO. RDB-11-1761 RK'S OFFICE
AT BALTIMORE

STATE OF MARYLAND,                         *
BALTIMORE CITY POLICE DEPARTMENT
DET. STACH                                 *                  BY_____ DEPUTY
DET. FOX
DET. O'SULLIVAN                            *
SGT. GUZMAN
DET. FRITZGES                              *
               Defendants.
                          ***

## MEMORANDUM OPINION

Self-represented plaintiff Marico Hopkins ("Hopkins") brings this action under 42 U.S. C. §

1983 against the State of Maryland, Baltimore City Police ("BPD"), Detectives Stach, Fox, O'Sullivan,

Fritzges, and Sergeant Guzman, alleging excessive force was used against him during his arrest and that

he was denied medical care for his resulting injuries. Now pending are a Motion to Dismiss filed by

counsel on behalf of the BPD (ECF No. 11) and a Motion to Partially Dismiss filed on behalf of

Detectives Stach, Fox, O'Sullivan, Fritzges, and Sergeant Guzman. ECF No. 15. Hopkins has not filed

a response.[1]

This Court has reviewed the submissions and finds no hearing is necessary to render a decision

on the pleadings. *See* Local Rule 105.6 (D. Md. 2011). For reasons that follow, this Court will

GRANT the Motions to Dismiss and will also dismiss the State of Maryland has a party to these

proceedings. The Court will also issue a scheduling order to govern the further progress of the case.

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on September 15, 2011 and September 21, 2011, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. ECF Nos. 12 & 17. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. *Id.*

## I.  BACKGROUND

In ruling on a motion to dismiss, the factual allegations in Plaintiff's Complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Hopkins alleges that on October 14, 2010, Detectives Stach, Fox, and O'Sullivan, operating in an unmarked police car, pulled up on him.  Plaintiff states that no badges were displayed.  Not knowing who the Defendants were, Plaintiff ran.  Sgt. Guzman and Det. Fritzges were driving a second vehicle which joined in the chase.  Plaintiff was apprehended in the 2700 block of Pennsylvania Avenue. Plaintiff states he complied with officers' orders but was nonetheless thrown to the ground and tased several times.  ECF Nos. 1 & 3. He was transported to the Western District police station where he states he was denied medical treatment.  *Id*.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a) (2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b) (6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesvile*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards* 178 F.3d at 243 (4th Cir.1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997). However, this Court "need not accept the legal conclusions drawn from the facts, and [this Court] need not accept as true unwarranted inferences, unreasonable conclusions or

arguments." *Nemet v. Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mortgage and Loan Investment, LLC*, 634 F.3d 754, 768 (4th Cir. 2011). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.* at 1950.

This Court is mindful that Hopkins is self-represented and has liberally construed the Complaint. *See Estelle v. Gamble*, 429 U.S. 97 (1976); *cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

## III.  ANALYSIS

### A.    State of Maryland

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U. S. 89, 100 (1984).  While the State of Maryland has waived its sovereign immunity for certain types of cases

brought in State courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, Plaintiff's complaint the State of Maryland, is barred by the Eleventh Amendment.

### B.   BPD

The BPD moves for dismissal of the claims against it for failure to state a cause of action under 42 U.S.C. §1983, asserting that Hopkins has pleaded no facts to indicate it has committed a constitutional tort against him. Additionally, it asserts the incident in question was not the product of a custom and practice of unconstitutional policies adopted by the BPD. ECF 11.

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable." Municipalities are liable under section 1983 when "the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.' " *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir.1984) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 694). A plaintiff may establish the existence of a policy or custom in several ways: "1) through an express policy, such as a written ordinance or regulation; 2) through the decisions of a person with final policymaking authority; 3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or 4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.' " *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir.1999)).

Hopkins neither identifies any policy or custom that allegedly caused his injury nor provides a factual predicate to suggest such a policy or practice. He does not allege any decisions rendered by the BPD, deficiencies in police training, or a widespread pattern or practice of improper use of force to

support his § 1983 claim. Instead, Hopkins has stated a single incident surrounding his arrest and included the BPD in his law suit. A single incident alone will not establish a policy or custom and requisite causal connection to a § 1983 deprivation of rights. *See City of Oklahoma v. Tuttle*, 471 U.S. 808, 823-24 (1985). The Court concludes the allegations against the BPD are insufficient for the claims to proceed, and will be dismissed.

### C.    Maryland Local Government Tort Claims Act

Further, Defendants Stach, Fox, O'Sullivan, Fritzges, and Guzman move for dismissal based on Hopkins's failure to comply the statutory notice requirements of Maryland's Local Government Tort Claims Act ("LGTCA"). ECF No. 15. Hopkins has not disputed that he failed to file the notice required by Maryland law, nor does he show good cause for his failure to do so.

The statute provides in relevant part at section 5-304(a) that: "[a]n action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury." Md. Code Ann., Cts. & Jud. Proc. § 2-304(b)(1). Consequently, Hopkins's state claims for assault, tort, or other state constitutional claims under the purview of the Local Government Tort Claim Act will be dismissed.

### IV. CONCLUSION

For the reasons stated, Hopkins has failed to state a claim upon which relief can be granted against the State of Maryland and BPD and the Complaint will be dismissed against these Defendants. Plaintiff's state tort and state constitutional claims shall be dismissed. Plaintiff's federal constitutional claims against Stach, Fox, O'Sullivan, Fritzges, and Guzman shall proceed.

A separate Order follows.

_____

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

JANUARY 18, 2012